IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THOMPSON DENSMORE ST. PIERRE, <br><br> Defendant. | CR 10-70-GF-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Thompson Densmore St. Pierre (St. Pierre) has been accused of violating the conditions of his supervised release. St. Pierre admitted alleged violations 1, 2, 3, 5 and 6. St. Pierre did not admit or deny alleged violation 4. The government did not attempt to prove alleged violation 4. St. Pierre's supervised release should be revoked. St. Pierre should be placed in custody for 24 months, with no supervised release to follow.

## II. Status

St. Pierre pleaded guilty to Assault Resulting in Serious Bodily Injury on August 2, 2010. (Doc. 16). The Court sentenced St. Pierre to 30 months of custody, with no supervised release to follow. (Doc. 19). St. Pierre's current term

of supervised release began on February 22, 2019.  (Doc. 26 at 1).

**Petition**

The United States Probation Office filed a Second Amended Petition on March 25, 2020, requesting that the Court revoke St. Pierre's supervised release. (Doc. 26).  The Second Amended Petition alleged that St. Pierre had violated the conditions of his supervised release: 1) by using methamphetamine on three separate occasions; 2) by consuming alcohol; and 3) by committing other crimes. (Doc. 26 at 3-4).

**Initial appearance**

St. Pierre appeared before the undersigned for his initial appearance on September 1, 2020.  St. Pierre was represented by counsel.  St. Pierre stated that he had read the petition and that he understood the allegations.  St. Pierre waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 1, 2020.  St. Pierre admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine on three separate occasions; 2) by consuming alcohol; and 3) by committing other crimes.  St. Pierre did not admit or deny alleged violation

2

4. The government failed to satisfy its burden of proof with respect to alleged violation 4. The violations that St. Pierre admitted are serious and warrant revocation of St. Pierre's supervised release.

St. Pierre's violations are Grade A violations. St. Pierre's criminal history category is IV. St. Pierre's underlying offense is a Class C felony. St. Pierre could be incarcerated for up to 24 months. St. Pierre could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 30 to 37 months.

### III. Analysis

St. Pierre's supervised release should be revoked. St. Pierre should be incarcerated for 24 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. This sentence should run concurrent with any state sentence St. Pierre is currently serving, and concurrent with the sentences imposed in Causes CR 11-57-GF-BMM, CR 12-03-GF-BMM, and CR 18-36-GF-BMM.

### IV. Conclusion

The Court informed St. Pierre that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed St. Pierre of his right to object to these Findings and Recommendations

within 14 days of their issuance. The Court explained to St. Pierre that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. St. Pierre stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Thompson Densmore St. Pierre violated the conditions of his supervised release: by using methamphetamine on three separate occasions; by consuming alcohol; and by committing other crimes.

The Court **RECOMMENDS:**

> That the District Court revoke St. Pierre's supervised release and commit St. Pierre to the custody of the United States Bureau of Prisons for 24 months, with no supervised release to follow. This sentence should run concurrent with any state sentence St. Pierre is currently serving, and concurrent with the sentences imposed in Causes CR 11-57-GF-BMM, CR 12-03-GF-BMM, and CR 18-36-GF-BMM.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will

make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of September, 2020.

John Johnston
United States Magistrate Judge